EXHIBIT A

Eddy Salcedo, Esq. (ES-3391)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Bart A. Lazar, Esq. (BL-7984)
SEYFARTH SHAW LLP
131 S. Dearborn
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5986

Attorneys for Plaintiff Motorola, Inc.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 21 2007 ★

BROOKLYN OFFICE

CV 07    3963

GOLD, M.J.

SIFTON. J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
MOTOROLA, INC., a Delaware Corporation,                     :
                                                            :   Civil Action No.:
                     Plaintiff,                             :
                                                            :   **COMPLAINT**
        v.                                                  :
                                                            :   **JURY TRIAL DEMANDED**
                                                            :
GAD ABECKASER A/K/A GADI ABECKASER,                         :
GADI'S CELL, INC. D/B/A GADICELL, INC                       :
AND GADICELL, GADIS INC., MOBILE                            :
CELLULAR, INC., VARIOUS JOHN DOES,                          :
JANE DOES AND ABC COMPANIES,                                :
                                                            :
                     Defendants.                            :
                                                            :
------------------------------------------------------------x

## The Parties

1.      Plaintiff Motorola is a corporation organized and existing under the laws of the

State of Delaware and has a principal place of business at 1303 E. Algonquin Road,

Schaumburg, Illinois 60196.

2.  Defendant Gad Abeckaser, a/k/a Gadi Abeckaser ("Gadi") is an individual resident of New York, residing at 1082 E. 29th Street Brooklyn, New York 11210, and owns and controls defendants Gadi's Cell, Inc. d/b/a Gadicell, Inc. and Gadicell, Mobile Cellular, Inc. and upon information and belief, Gadis Inc.

3.  Defendant Gadi's Cell, Inc. is a New York Corporation, doing business at, among other places, 1082 E. 29th Street, Brooklyn NY 11210 and 159 42nd Street, Brooklyn, NY 11232, and does business as Gadicell, Inc. and Gadicell ("Gadicell").

4.  Defendant Gadis Inc., is a New York Corporation, with a New York Department of State Process address at 159 42nd Street, Brooklyn, NY 11232 ("Gadis Inc").

5.  Defendant Mobile Cellular, Inc. is a New York Corporation doing business at 159 42nd Street, Brooklyn, NY 11232 ("Mobile Cellular").

6.  Defendants Gad Abeckaser a/k/a Gadi Abeckaser, Gadi's Cell, Inc. d/b/a Gadicell, Inc. and Gadicell, Gadis Inc., and Mobile Cellular, Inc. are collectively hereby after referred to as "Defendants."

7.  Upon information and belief, various John Does, Jane Does and ABC Companies are individuals and entities that own and/or control the activities of one or more of named defendants and/or engage in the manufacture, distribution, importation and/or sale of counterfeit Motorola merchandise as further alleged herein. The identity of the Doe Defendants is presently unknown.

-2-

## Jurisdiction and Venue

8.     This action arises under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, as amended (the "Lanham Act") and New York common law.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1121, 1125, 1126 and 1116 and supplemental jurisdiction over the state claim stated herein under 28 U.S.C. § 1367.

9.     This Court has personal jurisdiction over the individual Defendants in that this action arises from their transactions of business within this District.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that Defendants transact business in his District and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## Facts Common to all Counts

### A.     Motorola and the Motorola Marks

11.     Motorola is a Fortune 100 global communications leader that had sales of US $35.3 billion in 2005.  For over 80 years, Motorola has been in the business of designing and manufacturing consumer electronics devices. Motorola's MobileMe division designs, manufactures, sells and services mobile communication products, including mobile phones and accessories.

12.     For many years, Motorola has used the trademark MOTOROLA and the STYLIZED M Design (collectively the "Motorola Trademarks") continuously on, and in

-3-

connection with, the design, manufacture and/or sale of, *inter alia*, mobile communication devices and accessories in interstate and intrastate commerce.

13.    The Motorola Trademarks are registered on the Principal Register of the United States Patent and Trademark Office for many types of goods.  Photocopies of the registration records of the United States Patent and Trademark Office for many of the following representative Motorola Trademarks are annexed hereto as Exhibit 1:

| Trademark | Registration Number |
|---|---|
| MOTOROLA | 717,485 in International Class 9<br>Registered June 27, 1981 |
| MOTOROLA and STYLIZED M Design | 1,680,185 in International Class 9<br>Registered March 24, 1992 |
| STYLIZED M Design | 1,674,103 in International Classes 9<br>Registered February 4, 1992 |

14.    Motorola is the owner of the Motorola Trademarks in each of the above registrations.  All of these registrations are valid, subsisting, and in full force and effect.  In addition, all of these registrations have become incontestable pursuant to 15 U.S.C. § 1065.

15.    Motorola maintains strict control over the nature and quality of merchandise bearing the Motorola Trademarks.

16.    Merchandise designed, manufactured and/or sold by Motorola and bearing one or more of the Motorola Trademarks (hereinafter "Authorized Merchandise") has been advertised and sold throughout the United States and within the State of New York and this District.

17.     As a result of Motorola's excellent reputation, extensive advertising and sales, and strict control of the nature and quality of Authorized Merchandise, the Motorola Trademarks have come to be associated by the purchasing public with products of the highest quality, and have become distinctive in the minds of the purchasing public as designating products which originate from, are sponsored by, or are otherwise affiliated with Motorola.

18.     For the foregoing reasons, the value of the Motorola Trademarks and business reputation to Motorola is incalculable.

19.     Defendants have attempted to sell, sold, and continues to sell mostly inferior, unlicensed and unauthorized merchandise bearing unauthorized duplications of one or more of the Motorola Trademarks (hereinafter "Counterfeit Merchandise").

20.     Defendants' distribution, offer for sale, and/or sale of Counterfeit Merchandise was and continues to be without the permission or authority of Motorola. Defendants have not obtained any legitimate license to distribute or sell such Counterfeit Merchandise.

21.     Upon information and belief, Defendants have been and will continue to transact business in this District and elsewhere in interstate commerce, have infringed and will continue to infringe Motorola's rights in the Motorola Trademarks, and have regularly been and will be soliciting and doing business and deriving substantial revenue from goods sold, used, and consumed in this District and elsewhere in interstate commerce, including said Counterfeit Merchandise.

NY1 26482424.1

22.     On information and belief, Defendants' offering for sale and/or sales of Counterfeit Merchandise is with full knowledge that such acts are without Motorola's authority or consent and are likely to confuse the public into believing there is a connection or association between Motorola and Defendant's Counterfeit Merchandise.

23.     Defendant Gadi's offering for sale and/or sales of Counterfeit Merchandise is with full knowledge that such acts are without Motorola's authority or consent and are likely to confuse the public into believing there is a connection or association between Motorola and Defendant's Counterfeit Merchandise in that Motorola served Gadi with a cease and desist letter regarding his and Gadicell's transactions in Counterfeit Merchandise.

24.     Defendants' unlawful activities result in irreparable harm and injury to Motorola in that, among other things, Defendants deprive Motorola of its absolute right to determine the manner in which its image is presented to the public through merchandising; deceive the public as to the origin of Counterfeit Merchandise; falsely represent a sponsorship and/or association between Motorola and Defendants, and their Counterfeit Merchandise, wrongfully trades and capitalizes upon Motorola's reputation and goodwill and the commercial value of the Motorola Trademarks; and, particularly to the extent that Defendants' Counterfeit Merchandise is of inferior quality, irreparably injure Motorola's goodwill and reputation for manufacturing and selling reputable, high-quality Authorized Merchandise and poses the potential for harm to the general consuming public.

NYI 26482424.1

# COUNT I

## Federal Trademark Counterfeiting/Infringement

25.    Motorola repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

26.    Upon information and belief, notwithstanding Motorola's well-known and prior rights in the Motorola Trademarks, Defendants offer for sale and sell Counterfeit Merchandise in direct competition with the sale of Authorized Merchandise, in or affecting interstate commerce.

27.    Defendants' use of copies or simulations of the Motorola Trademarks is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of Defendant's Counterfeit Merchandise, and is likely to deceive the public into believing that Counterfeit Merchandise being sold by Defendants originates from, is associated with, and/or is otherwise authorized by Motorola, all to the damage and detriment of Motorola's reputation, goodwill and sales.

28.    Defendants' aforesaid actions constitute counterfeiting and willful infringement, in violation of Motorola's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29.    Motorola has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

NYI 26482424.1

## COUNT II

## Federal Unfair Competition/False Designation of Origin

30. Motorola repeats and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

31. Counterfeit Merchandise sold by Defendants is of the same general nature and type as Authorized Merchandise sold and/or authorized to be sold by Motorola. Counterfeit Merchandise is so related to and indistinguishable from Authorized Merchandise that Defendants' use is likely to, and is certainly intended to, cause confusion to the general purchasing public.

32. By misappropriating and using the Motorola Trademarks, Defendants misrepresent and falsely describe to the general public the origin and source of Counterfeit Merchandise and create a likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of such merchandise.

33. Moreover, Defendants' Counterfeit Merchandise is consistently of inferior quality and the sale thereof will be damaging to the goodwill of Motorola as well as the reputation which Motorola has developed in connection with the sale of Authorized Merchandise

34. Defendants' unlawful, unauthorized and unlicensed offer for sale and/or sale of Counterfeit Merchandise creates the express and implied misrepresentation that his Counterfeit Merchandise was created, authorized, or approved by Motorola.

35.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants use, in connection with goods and services, a false designation of origin and will have caused and will continue to cause said goods to enter into interstate commerce.

36.     Motorola has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT III

### New York Unfair Competition

37.     Motorola repeats and realleges paragraphs 1 through 34 of this Complaint as if fully set forth herein.

38.     Counterfeit Merchandise sold by Defendants is of the same general nature and type as Authorized Merchandise sold and/or authorized to be sold by Motorola.  Counterfeit Merchandise is so related to and indistinguishable from Authorized Merchandise that Defendants' use is likely to, and is certainly intended to, cause confusion to the general purchasing public.

39.     By misappropriating and using the Motorola Trademarks, Defendants misrepresent and falsely describe to the general public the origin and source of Counterfeit Merchandise and create a likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of such merchandise.

-9-

40. Moreover, Defendants' Counterfeit Merchandise is consistently of inferior quality and the sale thereof will be damaging to the goodwill of Motorola as well as the reputation which Motorola has developed in connection with the sale of Authorized Merchandise

41. Defendants' unlawful, unauthorized and unlicensed offer for sale and/or sale of Counterfeit Merchandise creates the express and implied misrepresentation that his Counterfeit Merchandise was created, authorized, or approved by Motorola and causes a likelihood of confusion amongst consumers in New York and elsewhere.

42. Defendants' aforesaid acts constitute unfair competition under the common law of the State of New York.

43. Motorola has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

44. Defendants have harmed Motorola by injuring its business reputation and by passing off Counterfeit Merchandise bearing unauthorized reproductions of the Motorola and Trademarks as a substitute for Authorized Merchandise offered by Motorola.

45. Defendants' conduct is likely to deceive purchasers into believing that their Counterfeit Merchandise originates from or is otherwise authorized by or sponsored by Motorola.

46. As a result of the aforesaid acts by Defendants, Motorola has suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

-10-

47. Unless Defendants are restrained and enjoined by this Court, said acts will be continued and will continue to cause damage and irreparable injury to Motorola, the Motorola Trademarks, and the general public.

48. Motorola has no adequate remedy at law.

**WHEREFORE,** Motorola respectfully prays that this Court:

I. Issue a temporary restraining order, seizure order and a preliminary injunction:

    (a) Restraining, enjoining and prohibiting Defendant, its respective agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert or participation with any Defendant or on any Defendant's behalf, from:

        (1) Manufacturing, distributing, offering for sale, selling or advertising any and all unauthorized merchandise including, but not limited to: mobile communication devices and accessories bearing one or more of the Motorola Trademarks; or

        (2) Representing that any unauthorized article distributed, sold, held for sale, or advertised by Defendant is sponsored by or authorized by Motorola by use of copies or simulations of the Motorola Trademarks or otherwise; and

    (b) Entering an *ex parte* seizure order permitting the seizure of counterfeit Motorola merchandise and the books and records related thereto in the form presented to the Court.

    (c) Requiring each Defendant to turn over to Motorola any and all unauthorized merchandise bearing one or more of the Motorola Trademarks in the possession, custody, or control of such Defendant, their respective agents, servants, employees, attorneys, successors, assigns and customers, or any person, firm, or

-11-

corporation acting in concert or participation with any Defendant or on any Defendant's behalf.

II.   After a hearing on the merits, issue a Permanent Injunction prohibiting Defendants from selling or attempting to sell merchandise described in subdivision I above and ordering such merchandise to be turned over to Motorola and destroyed, wherever found.

III.  After a hearing on the merits, grant Motorola an award of actual or statutory damages as Motorola's election against each Defendant, which should be trebled pursuant to the provisions of the Trademark Counterfeiting Act and/or the Lanham Act, and grant Motorola's costs and attorneys' fees associated with pursuing this action and prejudgment interest against each Defendant.

IV.   Grant Motorola such other and further relief as this Court deems to be reasonable, necessary, and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: New York, New York            SEYFARTH SHAW LLP
        September 21, 2007

Eddy Salcedo, Esq. (ES-3391)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Bart A. Lazar, Esq. (BL-7984)
SEYFARTH SHAW LLP
131 S. Dearborn
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5986

Attorneys for Plaintiff Motorola, Inc.

NY1 26482424.1

EXHIBIT 1

# The United States of America



## CERTIFICATE OF RENEWAL

Reg. No. __717,485__

    Application to renew the above identified registration having been duly filed in the Patent and Trademark Office and there having been compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

    This is to certify that said registration has been renewed in accordance with the Trademark Act of 1946 to Motorola, Inc., of Schaumburg, Illinois

Delaware corporation
and said registration will remain in force for twenty years from     June 27, 1981
unless sooner terminated as provided by law

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-fifth day of August, 1981.

COMMISSIONER OF PATENTS AND TRADEMARKS



UNITED STATES DEP\_\_\_MENT OF COMMERCE
Patent and Trademark Office

OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia  22202-3513

REGISTRATION NO: 0717485     SERIAL NO: 72105657     MAILING DATE: 09/22/2001
REGISTRATION DATE: 06/27/1961
MARK: MOTOROLA
REGISTRATION OWNER: MOTOROLA, INC. (DEL. CORP.)
CORRESPONDENCE ADDRESS:

ARCH M. AHERN
MOTOROLA, INC.
600 NORTH U.S. HIGHWAY 45
LIBERTYVILLE, ILLINOIS 60048

*86 290*
*© MOTOROLA, INC.*
*PATENT DEPARTMENT*
*TRADEMARK DOCKETING*

OCT 0 9 2001
*KDP*

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE OF RENEWAL
15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
02L

LATHAM, DANA D
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

   PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

IMLT6 (9/99)

# REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION

## I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

Failure to file the Section 8 Affidavit will result in the cancellation of the registration.


## II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

Failure to file the Application for Renewal will result in the expiration of the registration.


NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.

## PRINCIPAL REGISTER
### Trademark

Ser. No. 105,657, filed Oct. 3, 1960

# MOTOROLA

Motorola, Inc. (Illinois corporation)
4545 Augusta Blvd.
Chicago 51, Ill.

For: SIGNAL GENERATORS; EARPHONES; HEADSETS; DIGITAL DECODERS; DIGITAL PRINTERS; REMOTE ALARM INDICATING SYSTEMS; REMOTE CONTROL SYSTEMS TO OPERATE GARAGE DOORS, ENTRANCE GATES, TELEVISION RECEIVERS, ETC.; MICROWAVE CARRIER GENERATING AND RECEIVING APPARATUS; CLOSED CIRCUIT TELEVISION SYSTEMS INCLUDING CAMERAS AND TRANSMITTERS, CONTROL EQUIPMENT, MONITORING EQUIPMENT, POWER SUPPLY AND POWER DISTRIBUTION EQUIPMENT, VIDEO TRANSMISSION LINE APPARATUS AND RECEIVERS; SUPERVISORY CONTROL EQUIPMENT; POWER LINE CARRIER EQUIPMENT; VOLTAGE REGULATORS; PLATED AND PRINTED CIRCUIT BOARDS OR PANELS; TRAFFIC LIGHT CONTROL EQUIPMENT INCLUDING PROGRAMMERS, CODERS, TRANSMITTERS, RECEIVERS AND DECODERS; AUDIO FREQUENCY AMPLIFIERS; BATTERIES; SEMICONDUCTOR MATERIAL AND DEVICES INCLUDING TRANSISTORS AND DIODES; CRYSTAL OVEN ASSEMBLIES; AND PHONOGRAPH PICK-UP CARTRIDGES, in CLASS 21.

First use May 7, 1930; in commerce May 7, 1930.

Owner of Reg. Nos. 275,837, 665,761 and others.



# THE UNITED STATES OF AMERICA

This is to certify that from the records of the Patent Office it appears that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent Office to be affixed this twenty-seventh day of June, 1961.

*David L. Ladd*

COMMISSIONER OF PATENTS

ATTEST:

*F. J. O'Brien*

ATTESTING OFFICER

## PRINCIPAL REGISTER
### Trademark

Ser. No. 105,657, filed Oct. 3, 1960

## MOTOROLA

Motorola, Inc. (Illinois corporation)
4545 Augusta Blvd.
Chicago 51, Ill.

For: SIGNAL GENERATORS; EARPHONES; HEADSETS; DIGITAL DECODERS; DIGITAL PRINTERS; REMOTE ALARM INDICATING SYSTEMS; REMOTE CONTROL SYSTEMS TO OPERATE GARAGE DOORS, ENTRANCE GATES, TELEVISION RECEIVERS, ETC.; MICROWAVE CARRIER GENERATING AND RECEIVING APPARATUS; CLOSED CIRCUIT TELEVISION SYSTEMS INCLUDING CAMERAS AND TRANSMITTERS, CONTROL EQUIPMENT, MONITORING EQUIPMENT; POWER SUPPLY AND POWER DISTRIBUTION EQUIPMENT, VIDEO TRANSMISSION LINE APPARATUS AND RECEIVERS; SUPERVISORY CONTROL EQUIPMENT; POWER LINE CARRIER EQUIPMENT; VOLTAGE REGULATORS; PLATED AND PRINTED CIRCUIT BOARDS OR PANELS; TRAFFIC LIGHT CONTROL EQUIPMENT INCLUDING PROGRAMMERS, CODERS, TRANSMITTERS, RECEIVERS AND DECODERS; AUDIO FREQUENCY AMPLIFIERS; BATTERIES; SEMICONDUCTOR MATERIAL AND DEVICES INCLUDING TRANSISTORS AND DIODES; CRYSTAL OVEN ASSEMBLIES; AND PHONOGRAPH PICK-UP CARTRIDGES, in CLASS 21.

First use May 7, 1930; in commerce May 7, 1930.
Owner of Reg. Nos. 275,837, 665,761 and others.

Int. Cl. 9

COMB. AFF SEC 8 & 15.

5/5/67

# NOTICE

☞ This Registration will be canceled by the Commissioner of Patents at the end of six years following the date of registration, unless within one year next preceding the expiration of such six years, the registrant file in the Patent Office an affidavit showing that said mark is still in use or showing that its nonuse is due to special circumstances which excuse such nonuse and is not due to any intention to abandon

# The United States of America



№ 1680185

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-fourth day of March 1992.

*Harry F. Manbeck, Jr.*

Commissioner of Patents and Trademarks



Tm91-1006

REGISTRATION NO: 1680185     SERIAL NO: 74150715     MAILING DATE: 06/30/2001
REGISTRATION DATE: 03/24/1992
MARK: M MOTOROLA AND DESIGN
REGISTRATION OWNER: Motorola, Inc.
CORRESPONDENCE ADDRESS:

ARCH M AHERN
MOTOROLA INC
600 NORTH US HWY 45
LIBERTYVILLE IL 60048

KDP

MOTOR?? L, INC.
PATENT ?: PARTMENT
TRADEMARK DOCKETING

JUL 1 9 2001

## NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

*****************************************************

## NOTICE OF RENEWAL
15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

*****************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
009  037.

EVERETT, PATRICIA
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

TMLT6 (9/99)

# REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION

## I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

Failure to file the Section 8 Affidavit will result in the cancellation of the registration.

## II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

Failure to file the Application for Renewal will result in the expiration of the registration.

NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.

Int. Cls.: 9 and 37

Prior U.S. Cls.: 21, 26, 36 and 103

## United States Patent and Trademark Office

Reg. No. 1,680,185
Registered Mar. 24, 1992

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER



**MOTOROLA**

MOTOROLA, INC (DELAWARE CORPORATION)
1303 EAST ALGONQUIN ROAD
SCHAUMBURG, IL 60196

FOR: COMMUNICATION APPARATUS, NAMELY, RADIO RECEIVERS, RADIO TRANSMITTERS, COMBINATION RADIO RECEIVERS AND TRANSMITTERS; COMMUNICATION CONTROL CENTERS APPARATUS; CELLULAR RADIO TELEPHONE SYSTEMS; NAMELY, CELLULAR BASE STATIONS AND CELLULAR RADIO TELEPHONE SUBSCRIBER APPARATUS AND PARTS THEREFOR; ELECTRICAL AND ELECTRONIC CIRCUIT ELEMENTS; NAMELY, ANTENNAS, AMPLIFIERS, FILTERS, TRANSFORMERS, CAVITY RESONATORS, FUSES, INSULATORS, CONDENSERS, INDUCTORS, RESISTORS, SWITCHES, RELAYS, CONNECTORS, PLUGS AND SOCKETS; BATTERY CHARGERS; MICROPHONES; ELECTRIC CURRENT CONVERTERS; AUTOMATIC VEHICLE LOCATION APPARATUS; EMERGENCY MEDICAL COMMUNICATIONS APPARATUS; DIGITAL VOICE PROTECTION APPARATUS; SINGLE SIDE-BAND COMMUNICATIONS APPARATUS; SIGNALING AND REMOTE CONTROL APPARATUS; SECURITY AND ACCESS CONTROL APPARATUS; SEMICONDUCTOR PRODUCTS; NAMELY, INTEGRATED CIRCUITS, MICRO-

COMPUTERS, MICROCONTROLLERS, MICROPROCESSORS AND COMPUTER PERIPHERALS, MEMORIES AND SEMICONDUCTOR MATERIAL THEREFORE; DATA CONVERSION CIRCUITS; FIBER OPTIC ACTIVE COMPONENTS; ELECTRONIC INTERFACE CIRCUITS; MOTOR CONTROL CIRCUITS; OPERATIONAL AMPLIFIERS; OPTOELECTRONICS COMPONENTS; PRESSURE AND TEMPERATURE SENSORS; TELECOMMUNICATIONS CIRCUITS; THYRISTORS AND TRIGGERS; COMPUTERS AND COMPUTER SYSTEMS; NAMELY, HARDWARE AND SOFTWARE IN THE FIELD OF ELECTRONIC DATA PROCESSING; DIGITAL SIGNAL PROCESSORS; DIGITAL AND VOICE COMMUNICATIONS NETWORKS AND COMPONENTS; NAMELY, MODEMS, MULTIPLEXERS, PROCESSORS, CONVERTORS AND SWITCHES; RADIO DATA COMMUNICATIONS SYSTEMS; NAMELY, NETWORK CENTRAL PROCESSORS, COMMUNICATIONS CONTROLLERS, RADIO FREQUENCY MODEMS, AND PORTABLE DATA TERMINALS; ELECTRONIC MOBILE EXCHANGE SWITCHES; MICROCOMPUTER BOARD LEVEL APPARATUS; MINICOMPUTER AND MICROCOMPUTER SYSTEMS; NAMELY, HARDWARE AND SOFTWARE IN THE FIELD OF ELECTRONIC DATA PROCESSING; ELECTRONIC DATA SWITCHES; MICRO-TO-MAINFRAME INTER-

1,680,185

CONNECT APPARATUS; NETWORK MANAGEMENT APPARATUS; PROTOCOL CONVERTERS; CONCENTRATORS AND GATEWAYS; VEHICLE CONTROL APPARATUS AND SENSORS; POWER MODULES; RELAYS AND DRIVERS; INDUSTRIAL CONTROL APPARATUS AND SENSORS; ELECTRONIC BALLASTS; FACTORY AUTOMATION COMPUTER CONTROL SYSTEMS; NAMELY, HARDWARE AND SOFTWARE THEREFORE; ANTI-LOCK BRAKING SYSTEMS CONTROLS; AUTOMOTIVE AND INDUSTRIAL SENSORS; AUTOMOTIVE BODY CONTROLS; GAS AND DIESEL ENGINE CONTROLS; INSTRUMENTATION DEVICES AND COMPONENTS; MOTOR CONTROLS; STEERING CONTROLS; SUSPENSION CONTROLS; TRANSMISSION CONTROLS; VEHICLE NAVIGATION APPARATUS; HOSPITAL INTENSIVE CARE UNITS; STATISTICAL PROCESS CONTROL APPARATUS; SUPERVI-

SORY CONTROL DATA ACQUISITION APPARATUS, IN CLASS 9 (U.S CLS. 21, 26 AND 36).

FIRST USE 12-0-1955; IN COMMERCE 12-0-1955.

FOR: INSTALLATION, MAINTENANCE AND REPAIR OF ELECTRONIC EQUIPMENT, SUCH AS RADIO RECEIVING EQUIPMENT, RADIO TRANSMITTING EQUIPMENT, TWO-WAY AND TRUNKING APPARATUS, PAGING APPARATUS, CELLULAR RADIOTELEPHONE APPARATUS AND COMMUNICATION CONTROL CENTERS AND EQUIPMENT, IN CLASS 37 (U.S. CL. 103).

FIRST USE 12-0-1955; IN COMMERCE 12-0-1955.

OWNER OF U.S. REG. NO. 887,046.

SER. NO. 74-150,715, FILED 3-25-1991.

DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY

# The United States of America

Nº 1674103

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this fourth day of February 1992.



*Harry F. Manbeck, Jr.*
Commissioner of Patents and Trademarks

TM91-1005



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia   22202-3513

REGISTRATION NO: 1674103    SERIAL NO: 74144044    MAILING DATE: 03/01/2002
REGISTRATION DATE: 02/04/1992
MARK: M AND DESIGN
REGISTRATION OWNER: Motorola, Inc.
CORRESPONDENCE ADDRESS:

ARCH M AHERN
MOTOROLA INC
600 NORTH US HWY 45
LIBERTYVILLE IL  60048

MOTOROLA, INC.
PATENT DEPARTMENT
TRADEMARK DOCKETING

MAR 1 8 2002

## NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

## NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
009.

EVERETT, PATRICIA
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

TMLT6 (9/99)

# REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION

## I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

Failure to file the Section 8 Affidavit will result in the cancellation of the registration.

## II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

Failure to file the Application for Renewal will result in the expiration of the registration.

NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.

## United States Patent and Trademark Office

Reg. No. 1,674,103

Registered Feb. 4, 1992

### TRADEMARK
#### PRINCIPAL REGISTER



MOTOROLA, INC. (DELAWARE CORPORATION)
1303 EAST ALGONQUIN ROAD
SCHAUMBURG, IL 60196

FOR: RADIO COMMUNICATIONS APPARATUS; NAMELY, RADIO RECEIVERS, RADIO TRANSMITTERS, COMBINATION RADIO RECEIVERS AND TRANSMITTERS; COMMUNICATION CONTROL CENTERS APPARATUS; CELLULAR RADIO TELEPHONE SYSTEMS; NAMELY, CELLULAR BASE STATIONS AND CELLULAR RADIO TELEPHONE SUBSCRIBER APPARATUS AND PARTS THEREFOR; ELECTRICAL AND ELECTRONIC CIRCUIT ELEMENTS; NAMELY, AMPLIFIERS, INSULATORS, CONDENSERS, AUTOMATIC VEHICLE LOCATION APPARATUS; EMERGENCY MEDICAL COMMUNICATIONS APPARATUS; DIGI-

TAL VOICE PROTECTION APPARATUS; SINGLE SIDEBAND COMMUNICATIONS APPARATUS; SIGNALING AND REMOTE CONTROL APPARATUS; SECURITY AND ACCESS CONTROL APPARATUS; SEMICONDUCTOR PRODUCTS; NAMELY, INTEGRATED CIRCUITS, MICROCOMPUTERS, MICROCONTROLLERS, MICROPROCESSORS AND COMPUTER PERIPHERALS, MEMORIES AND SEMICONDUCTOR MATERIAL THEREFORE; ELECTRONIC DATA CONVERSION CIRCUITS; FIBER OPTIC ACTIVE COMPONENTS; ELECTRONIC INTERFACE CIRCUITS; MOTOR CONTROL CIRCUITS; OPERATIONAL AMPLIFIERS; OPTOELECTRONICS COMPONENTS; PRESSURE AND TEMPERATURE SENSORS; TELECOMMUNICATIONS CIRCUITS; THYRISTORS AND TRIGGERS; COMPUTERS AND COMPUTER SYSTEMS; NAMELY, HARDWARE

AND SOFTWARE IN THE FIELD OF ELECTRONIC DATA PROCESSING; DIGITAL SIGNAL PROCESSORS; DIGITAL AND VOICE COMMUNICATIONS NETWORKS AND COMPONENTS; NAMELY, MODEMS, MULTIPLEXERS, PROCESSORS, CONVERTERS AND SWITCHES; RADIO DATA COMMUNICATIONS SYSTEMS; NAMELY, NETWORK CENTRAL PROCESSORS, COMMUNICATIONS CONTROLLERS, RADIO FREQUENCY MODEMS, AND PORTABLE DATA TERMINALS; ELECTRONIC MOBILE EXCHANGE SWITCHES; MICROCOMPUTER BOARD LEVEL APPARATUS; MINICOMPUTER AND MICROCOMPUTER SYSTEMS; NAMELY, HARDWARE AND SOFTWARE IN THE FIELD OF ELECTRONIC DATA PROCESSING; ELECTRONIC DATA SWITCHES; MICRO-TO-MAINFRAME INTERCONNECT APPARATUS; NETWORK MANAGEMENT APPARATUS; PROTOCOL CONVERTERS; CONCENTRATORS AND GATEWAYS; VEHICLE CONTROL APPARATUS AND SENSORS; POWER MODULES;

RELAYS AND DRIVERS; ELECTRONIC BALLASTS; FACTORY AUTOMATION COMPUTER CONTROL SYSTEMS; NAMELY, HARDWARE AND SOFTWARE THEREFORE; ANTI-LOCK BRAKING SYSTEM CONTROLS; AUTOMOTIVE AND INDUSTRIAL SENSORS; AUTOMOTIVE BODY CONTROLS; INSTRUMENTATION DEVICES AND COMPONENTS; MOTOR CONTROLS; STEERING CONTROLS; SUSPENSION CONTROLS; TRANSMISSION CONTROLS; VEHICLE NAVIGATION APPARATUS; VEHICLE THEFT ALARM MODULES; SOFTWARE AND COMPUTER HARDWARE FOR HOSPITAL INTENSIVE CARE UNITS; STATISTICAL PROCESS CONTROL APPARATUS, IN CLASS 9 (U.S. CLS. 21, 26 AND 38).

FIRST USE 7-0-1955; IN COMMERCE 7-0-1955.

OWNER OF U.S. REG. NO. 1,342,154.

SER. NO. 74-144,044, FILED 3-4-1991.

DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY

EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

MOTOROLA,INC., A DELAWARE CORP,          CV 07 3963

                Plaintiff,          SIFTON.J.      GOLD,M.J.

           v.          ANSWER

GAD ABECKASER A/k/A GADI ABECKASER,

GADI'S CELL,D/B/A GADICELL,INC AND

GADICELL,GADIS INC.,MOBILE CELLULAR,INC.,

VARIOUS JOHN DOES,JANE DOES AND ABC

COMPANIES,

           Defendants.

------------------------------------------------------------------x

Defendants Gad Abeckaser et al, by its attorneys,Meir Moza 217 Willis Ave,Mineola

N.Y.11501, and Edward D.Dowling IV  132 Foxdale Lane,Port Jefferson N.Y11777 of Counsel

to MeirMoza, answers the complaint as follows:

1

1.Admits the allegations contained in paragraphs:2,3,4,5 and 6 except in paragraph 6 denies

personal liability of Gad Abeckaser since he only acted on behalf of his corps. In his capacity as

president.

2.Denies each and every allegation contained in

paragraphs:7,9,19,20,21,22,23,24,26,27,28,31,32,33,34,35,38,39,40,41,42,44.

3.Denies Knowledge or information sufficient to form a belief as to the truth of each and every

allegation contained in paragraphs:8,10,,11,12,13,14,15,16,17,18,29,36,43,45,46,47,48.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4.There is no personal liability of Gad Abeckaser A/K/A Gadi Abeckaser since he only acted on

behalf of his corps.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Plaintiff's claims fail to state a cause or causes of action upon which relief may be

granted,based on the facts that Defendants did not knowingly offer for sale any merchandise that

he did not believe in good faith was genuine Motorola merchandise(not counterfeit and/or

inferior quality) since he purchased all merchandise either from online auctions conducted by

entities that either represented themselves as being from Motorola itself or as authorized

agents of Mororola or over the phone either from entities that represented themselves as being

from Motorola or as being authorized Motorola Agents. Defendants and Defendat's employees

always tesdte a sample of about 20-25% of the merchandise from each shipment and if any

merchandise was found to be defective or inferior or not genuine Motorola merchandise it was

separated and not offered for sale (usually less than 1% of the merchandise was found to be inferior, defective or not genuine)

WHEREFORE, defendants Gad Abeckaser et al demand judjment denying all relief requested in plaintiff's complaint, dismissing the complaint in its entirety and granting such other relief as the Court deems just and proper, including reasonable attorney's fees, costs and disbursements of this action.

Dated: Port Jefferson, N.Y.

October 11, 2007

Respectfully submitted,

Meir Moza Attorney at Law

217 Willis Ave

Mineola N.Y. 11501

(516) 741-003

Attorney for Defendants

By: /s/ *Edward D. Dowling IV*

Edward D. Dowling IV

Attorney at Law

Of Counsel to Meir Moza

3

132 Foxdale Lane

Port Jefferson N.Y.11777

(631) 509-0662