UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

Motorola, Inc.,

               Plaintiff,          07-CV-3963
                                         (CPS)(SMG)
   - against -

Gad Abeckaser a/k/a Gadi Abeckaser,    MEMORANDUM OPINION
Gadi's Cell, Inc. d/b/a Gadicell, Inc.,  AND ORDER
and Gadicell, Gadis Inc., Mobile
Cellular, Inc., and various John Does,
Jane Does and ABC Companies,

               Defendants.

-----------------------------------------X

SIFTON, Senior Judge.

    Plaintiff Motorola, Inc. brings this trademark action against defendants Gad Abeckaser a/k/a Gadi Abeckaser ("Abeckaser"); Gadi's Cell, Inc. d/b/a Gadicell, Inc. and Gadicell; Gadis Inc.; Mobile Cellular, Inc.; and various John Does, Jane Does and ABC Companies. Specifically, plaintiff alleges that defendants engaged in: (1) infringement of plaintiff's registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I); (2) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); and (3) unfair competition under New York State common law (Count III). Plaintiff's motion for partial summary judgment on Counts I and II pursuant to Rule 56 of the Federal Rules of Civil Procedure, as well as for injunctive relief, damages, attorney's fees, and costs, is

currently pending before this Court. Presently before me is defendants' motion for an order staying all further proceedings in this civil case pending the conclusion of a parallel criminal case.[1] For the reasons set forth below, defendants' motion is denied.

**BACKGROUND**

Familiarity with the factual background of this matter is presumed based on the record of proceedings before the undersigned. What follows is a brief description of the criminal proceeding related to this civil matter.

On or about August 12, 2008, defendant Abeckaser was indicted before the Queens County Supreme Court on charges of trademark counterfeiting. Heller Decl. ¶ 34; *see id.* Ex. 7 (copy of indictment). Counsel for defendants states that defendant Abeckaser was subsequently arrested and arraigned and that the criminal proceedings against him (the "Criminal Case") are ongoing. *Id.* ¶¶ 34-35. On December 11, 2008, unspecified motions were filed in the Criminal Case, and a decision on those motions is expected at the next court date, currently scheduled for March 24, 2009. *Id.* ¶ 35.

---

[1] Counsel for two co-defendants in the parallel criminal case appeared before me at oral argument on March 25, 2009, but have not submitted any papers in connection with the present motion. The co-defendants are not named as defendants in this civil matter.

**DISCUSSION**

I. <u>Defendants' Motion for a Stay of Civil Proceedings</u>

A. *Standard for Motion to Stay*

Federal courts have discretionary authority to stay all or part of a civil proceeding pending the completion of parallel criminal prosecutions if the interests of justice so require. *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (citing *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir.) (en banc), *cert. denied*, 449 U.S. 993 (1980)) (holding that although "the Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings . . . a court may decide in its discretion to stay civil proceedings"). A stay of the civil case, however, is an extraordinary remedy. *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mechanical, Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995).

In determining whether to enter a stay, courts consider a number of factors, including:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Hicks v. City of New York, 268 F.Supp.2d 238, 241 (E.D.N.Y. 2003). In general, "absent a showing of undue prejudice upon

defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Id.* (citing, *inter alia*, *Transatl. Reins. Co. v. Salvatore Ditrapani, Int'l*, No. 90 CV 3884, 1991 WL 12135, at *2 (S.D.N.Y. Jan. 28, 1991).

B. *Merits of Defendants' Motion to Stay*

1. *Overlap of Issues*

The present civil case stems from defendants' sale of allegedly counterfeit Motorola merchandise to undercover operatives working in conjunction with the New York Police Department ("NYPD") in June and August of 2007, as well as the September 5, 2007 seizure by the NYPD of allegedly counterfeit Motorola merchandise from defendants. Based on the indictment issued against defendant Abeckaser, the Criminal Case appears to be based on defendant Abeckaser's (and his co-defendants') sale and possession of allegedly counterfeit merchandise during the same time period. The alleged wrongful conduct in the criminal and civil actions therefore appears virtually identical, and accordingly, the findings and outcome of the criminal trial may affect the outcome of the civil case. Because the instant action and the criminal matter arise from the same underlying events, any evidence from the criminal action concerning the extent of defendant Abeckaser's willful infringement or illegal profits could alter the extent of defendants' liability to plaintiff in

the present case.  As such, I find that this factor tips slightly in defendants' favor.

   2.   *Status of the Criminal Case*

   The weight of authority in this Circuit indicates that courts generally stay a civil proceeding when the criminal investigation has ripened into an indictment.  *See, e.g.*, *In re Par Pharm., Inc.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990).  "Indeed, the strongest argument for granting a stay is where a party is under criminal indictment because proceeding in related civil and criminal proceedings could (1) undermine a party's Fifth Amendment privilege against self-incrimination; (2) expose the basis of a party's criminal defense in advance of trial; or (3) otherwise prejudice the criminal or civil case."  *Hicks*, 268 F.Supp.2d at 242 (citing *In re Par Pharm.*, 133 F.R.D. at 13).  In contrast, a court will generally deny a stay where no indictment has been issued against the proponent of the stay.  *Id.*

   It is undisputed that an indictment issued against defendant Abeckaser on August 12, 2008.  Curiously, however, defendants waited for a year and a half following the issuance of the indictment to move for a stay of the parallel civil proceedings, choosing instead to make their stay motion after the close of discovery and on the eve of summary judgment.  Defendants argue that if a stay is not granted, defendant Abeckaser "faces the choice of being prejudiced in the civil litigation if [his Fifth

Amendment rights] are asserted or prejudiced in the criminal litigation if those rights are waived." Def.'s Mem. at 15. However, this concern is of little moment where, as in this case, discovery has long been closed, defendants have admitted the facts asserted in plaintiff's Rule 56.1 statement by failing to file their own 56.1 statement, and a motion for summary judgment is fully briefed. Under these circumstances, the fact that an indictment has issued against one of the civil defendants does not weigh in favor of a stay.

    3. *The Private and Public Interests*

As stated above, unless defendants can show that they will suffer undue prejudice or that their constitutional rights will be violated without a stay, plaintiff should not be delayed in its efforts to sustain its claim. *Transatl. Reins.*, 1991 WL 12135, at *2 (quoting *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.*, 486 F.Supp. 1118, 1119 (S.D.N.Y. 1980)). Other than referring to defendant Abeckaser's potential Fifth Amendment rights, as discussed *supra*, as well as defendants' interest in preserving their financial resources, defendants have not identified any specific manner in which they will suffer undue prejudice absent a stay. While it is true that plaintiff's interest in avoiding the further sale of counterfeit Motorola merchandise by defendants is currently protected by a stipulation between the parties temporarily restraining defendants'

infringing activities, both plaintiff and the public have an interest in the speedy resolution of the merits of plaintiff's trademark infringement claims.  Furthermore, a court's interest is usually best served by discouraging motions to stay.  *U.S. v. Private Sanitation Ass'n of Nassau/Suffolk Inc., et al.*, 811 F.Supp. 802, 808 (E.D.N.Y. 1992).  The instant action was commenced a year and a half ago, discovery has been closed, and a dispositive motion has been briefed, argued, and is pending before me.  Courts have an interest in managing their cases and efficiently resolving litigation.  *See Karimona Invs., LLC v. Weinreb*, No. 02 CV 1792, 2003 WL 941404, at *2 (S.D.N.Y. Mar. 6, 2003).  If I were to grant the present motion, it would needlessly delay resolution of this case.  Therefore, after careful examination of the interests at stake, I find that the balance of the parties' divergent interests weighs in favor of plaintiff.  Accordingly, defendants' motion for a stay is denied.

## CONCLUSION

For the reasons set forth above, defendants' motion for an order staying these proceedings is denied.  The Clerk is directed to transmit a copy of the within to the parties and the magistrate judge.

SO ORDERED.

Dated:     Brooklyn, NY
           March 25, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge