UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Motorola, Inc.,

                 Plaintiff,           07-CV-3963
                                      (CPS)(SMG)

     - against -

Gad Abeckaser a/k/a Gadi Abeckaser,    MEMORANDUM OPINION
Gadi's Cell, Inc. d/b/a Gadicell, Inc.,   AND ORDER
and Gadicell, Gadis Inc., Mobile
Cellular, Inc., and various John Does,
Jane Does and ABC Companies,

                Defendants.

----------------------------------------X

SIFTON, Senior Judge.

     Plaintiff Motorola, Inc. brings this trademark action

against defendants Gad Abeckaser a/k/a Gadi Abeckaser

("Abeckaser"); Gadi's Cell, Inc. d/b/a Gadicell, Inc. and

Gadicell; Gadis Inc.; Mobile Cellular, Inc.; and various John

Does, Jane Does and ABC Companies.  Specifically, plaintiff

alleges that defendants engaged in: (1) infringement of

plaintiff's registered trademarks in violation of Section 32 of

the Lanham Act, 15 U.S.C. § 1114 (Count I); (2) false designation

of origin in violation of Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a) (Count II); and (3) unfair competition under New

York State common law (Count III).  Plaintiff's claims arise out

of defendants' sale of allegedly counterfeit merchandise bearing

trademarks that are allegedly unauthorized copies of plaintiff's

trademarks.

By memorandum opinion and order dated April 8, 2009, I granted summary judgment in plaintiff's favor with respect to liability on Counts I and II, as well as a permanent injunction to be entered when all claims against all parties have been disposed of. Presently before this Court is plaintiff's motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure restricting the transfer of defendants' assets.[1] For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

To the extent discussed in this Court's prior opinion, familiarity with the underlying facts of this matter is assumed. *See Motorola, Inc. v. Abeckaser*, No. 07-CV-3963, 2009 WL 962809 (E.D.N.Y. Apr. 8, 2009). The procedural history and factual developments described below are taken from the record of the proceedings before the undersigned as well as plaintiff's submission in connection with this motion. Defendants have not submitted papers in opposition to plaintiff's motion.

Plaintiff commenced the instant action on September 21, 2007, and immediately sought an *ex parte* temporary restraining order and preliminary injunction restraining defendants' assets.

---

[1] Plaintiff also purports to move for a preliminary injunction pursuant to Rule 64 of the Federal Rules of Civil Procedure. Because plaintiff has not discussed any of the standards relevant to a grant of relief under Rule 64, and because I conclude that plaintiff is entitled to a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, I need not consider plaintiff's Rule 64 application.

Declaration of Eddy Salcedo dated January 21, 2009 ("First

Salcedo Decl.") ¶ 30.  By stipulation dated October 3, 2007,

plaintiff withdrew its initial motion and defendants agreed to

refrain from using the Motorola Trademarks in connection with any

counterfeit merchandise,[2] as well as the following:

> 4.    During the pendency of this action, Defendant Abeckaser
>       agrees not to sell, lease, transfer or otherwise
>       dispose of or encumber his home, including the
>       structure and land, known as and located at 1082 East
>       29th Street, Brooklyn, New York, without prior approval
>       of the Court.
> 5.    Defendants agree not to transfer or dispose of money,
>       stocks or other assets outside of the regular course of
>       business without prior approval of the Court, or to, in
>       any way, secrete any money, stocks or other assets.

Declaration of Eddy Salcedo dated April 28, 2009 ("Second Salcedo

Decl."), Ex. A (copy of stipulation) at ¶¶ 4-5; Declaration of

Eddy Salcedo dated May 4, 2009 ("Third Salcedo Declaration") ¶ 5.

Plaintiff refers to paragraphs four and five of the stipulation

as the "Asset Injunction."  While the stipulation was filed with

this Court on October 3, 2007, neither I nor any other judge in

this District reviewed, approved, or "so ordered" the

---

[2] Specifically, defendants agreed, *inter alia*, to: (a) refrain from, in
any way, using the Motorola Trademarks or any reproduction, counterfeit, copy
or colorable imitation of the Motorola Trademarks in connection with the
manufacture, distribution, importation, exportation, advertising, offer for
sale and/or sale of merchandise not the genuine products of Motorola; (b)
refrain from shipping, delivering, holding for sale, distributing, returning,
transferring or otherwise moving, storing, or disposing of in any manner
apparel or other items falsely bearing the Motorola Trademarks, or any
reproduction, counterfeit, copy or colorable imitation of the same; and (c)
provide plaintiff with complete access to all warehouses, store locations,
storage locations and/or offices for the inspection of defendants' business
records and to inventory of merchandise.  First Salcedo Decl. Ex. M (copy of
stipulation).

stipulation.

In January of 2009, defendants were directed to report whether the title to the property designated in paragraph four of the stipulation remained in defendant Abeckaser's name and remained free of lease, transfer or other encumbrance, and to report on defendants' compliance with paragraph five of the stipulation. Second Salcedo Decl. ¶ 6; Third Salcedo Decl. ¶ 5. According to plaintiff, defendants have not yet made such a report. *Id.*

Eddy Salcedo, counsel for plaintiff, states in a declaration that a search of the online database for the Office of the City Register of the New York City Department of Finance, located at http://www.nyc.gov/html/dof/html/jump/acris.shtml, reveals that a deed has been issued for the property designated in paragraph four of the stipulation to an individual by the name of Simon Stoklasa. Third Salcedo Decl. ¶ 6; *see also id.* Ex. B (copy of City Register report reflecting transfer of deed from defendant Abeckaser to Mr. Stoklasa on October 27, 2008). Mr. Salcedo further states that counsel for defendants has represented to him that he does not know what actions, if any, defendant Abeckaser has taken with respect to the property. *Id.* ¶ 6.

Bart Lazar, also counsel for plaintiff, states in a declaration that on April 24, 2009, he spoke with David Chen, an Assistant District Attorney in Queens, New York, regarding the

-5-

status of the criminal matter involving defendant Abeckaser.
Declaration of Bart A. Lazar dated May 4, 2009 ("Lazar Decl.") ¶
3.   Mr. Lazar states that Mr. Chen advised him that "he believed
that the matter would be resolved and that he understood that Mr.
Abeckaser was going to permanently leave the country and transfer
the ownership and operation of his businesses." *Id.*   Mr. Lazar
further states that according to Mr. Chen, defendant Abeckaser's
attorney in the criminal matter represented in court during the
criminal proceedings that defendant Abeckaser did not have
substantial assets.   *Id.*   In addition, Mr. Lazar states that on
May 4, 2009, he was informed by Craig Kravit of iVision, a
private investigative firm assisting Motorola in this matter,
that a 2003 black Mercedes owned by one of the corporate
defendants was seen with a "for sale" sign in its window.

On April 29, 2009, upon plaintiff's application, I issued an
order directing defendants to show cause why an order should not
be entered finding defendants in contempt of Court.   At oral
argument on May 4, 2009, plaintiffs argued that defendants should
be held in civil contempt based upon their violation of the
stipulation entered into between the parties on October 3, 2007.
I concluded on the record that because there was no evidence that
the October 3, 2007 stipulation had ever been reduced to a court
order, the remedy of civil contempt was unavailable to plaintiff
with regard to violations of that stipulation.

On May 5, 2005, plaintiffs moved by order to show cause for a temporary restraining order restricting the transfer of defendants' assets pending a hearing on their motion for a preliminary injunction. I granted the temporary restraining order on the same day, and issued an order directing defendants to show cause on May 14, 2005, why a preliminary injunction should not be entered extending the temporary restraining order pending resolution of this matter.

**DISCUSSION**

I.  <u>Applicable Standards</u>

The Lanham Act authorizes the seizure of counterfeit products, *see* 15 U.S.C. § 1116, but does not specifically authorize the restraint of assets of a defendant in an action arising under the Act. However, because the Lanham Act does give courts the authority to order equitable relief in the form of an accounting of the seller's profits, this Court has the authority to order injunctive relief freezing assets in order to ensure availability of final equitable relief. *See NorthFace Apparel Corp. v. TC Fashions*, No. 05 Civ. 9083, 2006 WL 838993, at *3 (S.D.N.Y. Mar. 30, 2006) (citing *Levi Strauss & Co. v. Sunrise Int'l Trading*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992); *see also* 15 U.S.C. § 1117(a) ("the plaintiff shall be entitled, . . . subject to the principles of equity, to recover

[among other things] defendant's profits"); McCarthy on Trademarks and Unfair Competition § 30:40 (4th ed.) (purpose of freezing assets is to preserve "security for plaintiff's future recovery on an accounting of the counterfeiter's profits").

Pursuant to Federal Rule of Civil Procedure 65(a), a preliminary injunction is appropriate if the movant shows (a) irreparable harm and (b) either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Gold v. Feinberg*, 101 F.3d 796, 800 (2d Cir. 1996).

## II. Plaintiff's Application for a Preliminary Injunction

Plaintiff seeks a preliminary injunction restricting the transfer of defendants' assets. In considering whether to grant the requested relief, I must first determine whether plaintiff has shown irreparable harm absent an injunctive relief.

## A. *Irreparable Harm*

Irreparable harm is an "injury for which a monetary award cannot be adequate compensation." *Jayaraj v. Scappini,* 66 F.3d 36, 39 (2d Cir. 1995) (citing *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)). Irreparable harm "must be shown by the moving party to be imminent, not remote or speculative." *Reuters Ltd. v. United Press Intern, Inc.,* 903

F.2d 904, 907 (2d Cir. 1990) (citing *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 972 (2d Cir. 1989)).  The movant is required to establish not a mere possibility of irreparable harm, but that it is "*likely* to suffer irreparable harm if equitable relief is denied."  *JSG Trading Corp. v. Tray-Wrap, Inc.,* 917 F.2d 75, 79 (2d Cir.1990) (emphasis in original).  "Likelihood sets, of course, a higher standard than 'possibility.'"  *Id.*

The Second and Third Salcedo Declarations and their exhibits constitute clear and convincing evidence that defendant Abeckaser has transferred the ownership of his home, a substantial asset, to another party, in violation of a stipulation entered into between the parties.  In addition, the Lazar Declaration provides evidence that defendant Abeckaser is attempting to transfer other assets, including assets owned by the corporate defendants under his control, and indeed showing that defendant Abeckaser may soon leave the country.[3]  By transferring the ownership of his home and attempting to transfer other assets, defendant Abeckaser has made it less likely that plaintiffs will ultimately be able to

_____

[3] I note, however, that the Lazar Declaration relies upon hearsay statements.  Although "[t]he strict rules of evidence do not apply to a hearing on a motion for a preliminary injunction," *Zeneca Inc. v. Eli Lilly and Co.,* No. 99 CIV. 1452, 1999 WL 509471, at *2 (S.D.N.Y. July 19, 1999) (collecting cases), and hearsay evidence is therefore admissible in these proceedings, *see id.,* hearsay evidence is, by its nature, of limited probative value.  For this reason I rely principally on the clear and convincing evidence of defendant Abeckaser's asset transfer as set forth in the Second and Third Salcedo Declarations, and I consider the hearsay evidence set forth in the Lazar Declaration for corroboratory purposes.

collect from him the damages to which they are entitled.
Although I rejected plaintiff's claim for summary judgment on
damages in my memorandum opinion and order granting partial
summary judgment to plaintiff, reasoning that issues of fact
remained as to certain factors relevant to the calculation of
statutory damages, there is no question that plaintiff is
entitled to some portion of the $16,000,000 statutory damages
award it seeks. *See Motorola, Inc. v. Abeckaser*, No. 07-CV-3963,
2009 WL 962809, at *8 (E.D.N.Y. Apr. 8, 2009). The evidence that
defendant Abeckaser has already disposed of a substantial asset
leads me to conclude that it is likely he will continue to
dispose of other assets in an attempt to render a judgment
against him uncollectible, if he is not restrained from doing so.
In addition, because the corporate defendants in this case are
owned and controlled by defendant Abeckaser, the evidence against
defendant Abeckaser, as corroborated by the hearsay evidence set
forth in the Lazar declaration, suffices to show that absent
restraint, he is likely to cause the corporate defendants to
dispose of or transfer assets owned by the corporate defendants.

At oral argument on plaintiff's application for a temporary
restraining order, defendants argued that plaintiff had failed to
show irreparable harm because the injury alleged by plaintiff was
purely monetary. While it is true that irreparable harm is an
"injury for which a monetary award cannot be adequate

compensation," *see Jayaraj*, 66 F.3d at 39, the harm alleged in
this case is the likelihood that defendants' actions will
frustrate this Court's ability to render a meaningful judgment.
Other courts in this Circuit have found, in cases involving
similar circumstances, that a plaintiff's showing that a
defendant's actions are likely to render a judgment uncollectible
qualifies as a showing of irreparable harm. *See Sea Carriers
Corp. v. Empire Programs, Inc.*, No. 04 Civ. 7395, 2006 WL
3354139, at *4 (S.D.N.Y. Nov. 20, 2006) (noting that a
demonstration of "intent to frustrate any judgment on the merits"
qualifies as a showing of irreparable harm); *Algonquin Power
Corp., Inc. v. Trafalgar Power Inc.*, No. CIVA5:00CV1246, 2000 WL
33963085, at *18 (N.D.N.Y. Nov. 8, 2000) ("demonstration of
intent to frustrate a judgment will be found to satisfy the
requirement of a showing of irreparable harm") (citing *Signal
Capital Corp. v. Frank*, 895 F.Supp. 62, 64 (S.D.N.Y. 1995));
*Mason Tenders Dist. Council Pension Fund v. Messera,* No. 95 Civ.
9341, 1997 WL 223077, at *8 (S.D.N.Y. May 1, 1997).[4]  As the

---

[4] I am aware of the Supreme Court's decision in *Grupo Mexicano de
Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999),
concluding that "a district court is without power pursuant to Federal Rule of
Civil Procedure 65 to order injunctive relief preventing a party from
disposing of assets pending adjudication of contract claims for money
damages." *ContiChem LPG v. Parsons Shipping Co., Ltd.*, 229 F.3d 426, 430 (2d
Cir. 2000) (interpreting *Grupo Mexicano*'s holding). However, this case is
distinguishable from *Grupo Mexicano* and *ContiChem* in several respects. First,
this is an action to recover damages for willful violations of the trademark
provisions of the Lanham Act, not an action seeking adjudication of a contract
claim, and numerous courts have held that injunctive relief freezing assets in
order to ensure availability of final relief is permissible under the Lanham
Act.  *See NorthFace Apparel Corp. v. TC Fashions*, No. 05 Civ. 9083, *2006 WL*

Second Circuit has noted:

> [E]ven where the ultimate relief sought is money damages,
> federal courts have found preliminary injunctions
> appropriate where it has been shown that the defendants
> intended to frustrate any judgment on the merits by
> transferring its assets out of the jurisdiction . . . [T]his
> is an appropriate case for the issuance of injunctive relief
> to prevent [defendant] from making uncollectible any
> judgment the [plaintiff] may eventually obtain against
> [defendant] . . . without injunctive relief an eventual
> money judgment was likely to be ineffectual[.]

*In re Feit & Drexler*, 760 F.2d 406, 416 (2d Cir. 1985).

Accordingly, I conclude that plaintiff has demonstrated

irreparable harm absent injunctive relief with regard to

defendant Abeckaser and the named corporate defendants.

B.      *Likelihood of Success*

Given that plaintiff has already prevailed on the merits of

two of its claims, plaintiff has demonstrated actual success on

the merits.   Accordingly, because plaintiff has made a showing

satisfying the requirements of Rule 65, plaintiff is entitled to

a preliminary injunction restricting the transfer of defendants'

assets.

---

838993, at *3 (S.D.N.Y. Mar. 30, 2006) (citing *Levi Strauss & Co. v. Sunrise
Int'l Trading*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l, Ltd. v.
Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992); *see also* McCarthy
on Trademarks and Unfair Competition § 30:40 (4th ed.).  In addition,
plaintiff holds something akin to a security interest in defendants' assets,
and specifically defendant Abeckaser's home, by virtue of the Asset Injunction
to which the parties previously agreed.  *See III Finance Ltd. v. Aegis
Consumer Funding Group, Inc.*, No. 99 CIV. 2579, 1999 WL 461808, at 4 n.1
(S.D.N.Y. July 2, 1999) (distinguishing *Grupo Mexicano* on the grounds that the
plaintiff in *III Finance* "claims a security interest in the assets subject to
the preliminary injunction").  Finally, plaintiffs have already prevailed on
their claims in this case, and their entitlement to judgment in an amount yet
to be determined is certain rather than speculative.

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for a preliminary injunction is granted.  The Clerk is directed to transmit a copy of the within to all parties and to the Magistrate Judge.


SO ORDERED.

Dated:     Brooklyn, New York
           May 14, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                    United States District Judge