UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Motorola, Inc.,

               Plaintiff,          07-CV-3963
                                       (CPS)(SMG)

  - against -

Gad Abeckaser a/k/a Gadi Abeckaser,    MEMORANDUM OPINION
Gadi's Cell, Inc. d/b/a Gadicell, Inc.,  AND ORDER
and Gadicell, Gadis Inc., Mobile
Cellular, Inc., and various John Does,
Jane Does and ABC Companies,

               Defendants.

----------------------------------------X

SIFTON, Senior Judge.

    Plaintiff Motorola, Inc. brings this trademark action against defendants Gad Abeckaser a/k/a Gadi Abeckaser ("Abeckaser"); Gadi's Cell, Inc. d/b/a Gadicell, Inc. and Gadicell; Gadis Inc.; Mobile Cellular, Inc.; and various John Does, Jane Does and ABC Companies. Specifically, plaintiff alleges that defendants engaged in: (1) infringement of plaintiff's registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I); (2) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(Count II); and (3) unfair competition under New York State common law (Count III). Plaintiff's claims arise out of defendants' sale of counterfeit merchandise bearing trademarks that are unauthorized copies of plaintiff's trademarks.

On April 8, 2009, I granted plaintiff's motion for partial summary judgment on Counts I and II. Thereafter, on June 9, 2009, plaintiff moved for damages, attorney's fees, costs, and entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The motion was referred to Chief Magistrate Judge Steven M. Gold by order filed June 16, 2009. On August 5, 2009, Magistrate Judge Gold rendered a report and recommendation disposing of this case (the "R&R"). Presently before this Court are plaintiff's objections to the R&R. For the reasons set forth below, the R&R is adopted in part and modified in part.

## BACKGROUND

Familiarity with the underlying facts of this matter is presumed based on the record of proceedings before the undersigned and Magistrate Judge Gold. For a description of the underlying facts, *see Motorola, Inc. v. Abeckaser*, No. 07-CV-3963, 2009 WL 962809 (E.D.N.Y. Apr. 8, 2009).

## DISCUSSION

### I. Standard for Consideration of Objections to a Magistrate Judge's Report and Recommendation

Federal Rule of Civil Procedure 72(b)(3) provides that when ruling on objections to a Magistrate Judge's report and recommendation, which is dispositive of a case,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further

>   evidence; or return the matter to the magistrate judge
>   with instructions.

Fed. R. Civ. P. 72(b)(3).  *See also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made . . . [and] may also receive further evidence"); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) (noting that the district court's review of a Magistrate Judge's recommendation is de novo and that the district judge may consider new evidence).  Accordingly, I review Magistrate Judge Gold's R&R de novo, taking into account the new evidence plaintiff has submitted along with its objections.

## II.  Review of the Report and Recommendation

### A.  *Unopposed Recommendations of the Magistrate Judge*

As an initial matter, I hereby adopt the portion of the R&R to which no objection has been filed and in which, for the reasons stated therein, Magistrate Judge Gold concludes that final judgment should be entered in plaintiff's favor in the total amount of $2,508,703.31, composed of $2,400,000.00 in statutory damages, $107,280.00 in attorney's fees, and $1.423.31 in costs, and that this case be closed.

**B.** *Plaintiff's Objections to the Report and Recommendation*

Plaintiff objects to the R&R "to the extent that certain statements were made therein concerning time keeping entries by its attorneys on the bills submitted to the Court." Declaration of Eddy Salcedo dated August 14, 2009 ("Salcedo Decl.") ¶ 3. Specifically, plaintiff asserts as follows:

> Commencing on page 10 of the R&R, an analysis of the time expended in the prosecution of the matter by counsel for Motorola is presented which, respectfully, is incomplete and consequently erroneous conclusions were apparently reached. These portions of the analysis are not necessary to support the attorney's fee award and can be deleted.
> First, the R&R states "[t]he most significant reduction in time, which is still quite minimal, should be for court conferences. It appears that counsel billed for their travel time, since they bill several hours for court conferences that, in some instances according to my recollection and in others according to the court records, lasted no more than half an hour." Respectfully, as the attorney who attended all of the court conferences, travel time was not billed; indeed, the average travel time between our offices and the Court is less than half an hour in any event.
> Simply, the reason for the discrepancy in the time expended in "actual" conference with the Court and that billed was caused by one of two factors: (a) time expended waiting for opposing counsel to arrive in court (indeed, on two occasions before Judge Sifton and one occasion before Magistrate Gold the delay was sufficient that I had to call opposing counsel's office to ensure counsel was on his way); or (b) time expended waiting because the Court was otherwise engaged with other matters (Judge Sifton has a very busy criminal calendar, and on several occasions hearings on one of these matters were still going at the scheduled time for the appearance on this matter).
> Second, the R&R incorrectly states that "[t]here . . . appears to be some duplicative billing by Salcedo", with a few entries in October 2007 and February 2008 of equal length for conferences held either in person or by telephone cited. The reason for the multiple billings of

> equal time is simply the time keeping requirements established by Motorola with regards to the recording of tasks, to wit, no "block billing" may be utilized. Each conference, be it telephonic or in person, must be billed individually, even if it is multiple conferences with between the same individuals. As such, each of the entries was for separate conferences had with the listed individuals on the same day. (By way of example, the two entries of October 4, 2007 for telephone conferences with opposing counsel were for two separate calls).
>     As such, it is respectfully submitted that the R&R be corrected insofar as the entries do not reflect any duplicative billing.

Salcedo Decl. ¶¶ 4-8.

Based on the foregoing, I find that plaintiff has adequately explained that the length of time billed for court conferences was proper and did not include travel time. I further find that the identical events billed by Mr. Salcedo and referred to by Magistrate Judge Gold, which, on their face, appear duplicative, were properly billed as the result of plaintiff's policy prohibiting so-called "block" billing. Accordingly, those portions of Magistrate Judge Gold's R&R quoted above -- specifically, the second paragraph of Part II.B and the last sentence and string citation of the third paragraph of Part II.B of the R&R -- are deemed stricken.

### CONCLUSION

For the foregoing reasons, I adopt in part and modify in part Magistrate Judge Gold's August 5, 2009 Report and Recommendation. The Clerk is directed to enter judgment in plaintiff's favor in the total amount of $2,508,703.31, composed

of $2,400,000.00 in statutory damages, $107,280.00 in attorney's fees, and $1.423.31 in costs, to transmit a copy of the within to all parties and to Magistrate Judge Gold, and to close this case.

SO ORDERED.

Dated:     Brooklyn, New York
           August 19, 2009

                  By: /s/ Charles P. Sifton (electronically signed)
                      United States District Judge