MOTOROLA, INC.,

                 MEMORANDUM
       *Plaintiff*,                  AND ORDER

    - against -

                 07-CV-3963 (JG)(SMG)

GAD ABECKASER a/k/a GADI
ABECKASER, GADI'S CELL, INC. d/b/a
GADICELL, INC. and GADICELL,
GADIS INC., MOBILE CELLULAR, INC.,
and various JOHN DOES, JANE DOES and
ABC COMPANIES,

       *Defendants*.
-------------------------------------------------------X

A P P E A R A N C E S:

        SEYFARTH SHAW LLP
            620 Eighth Avenue
            New York, NY 10018
        By:    Eddy Salcedo
            *Attorneys for Plaintiff*

        HELLER & HELLER
            425 Park Avenue
            5th Floor
            New York, NY 10022
        By:    Mark Jay Heller
            *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        Plaintiff Motorola, Inc. commenced this trademark action on September 21, 2007

against defendants Gad Abeckaser a/k/a Gadi Abeckaser ("Abeckaser"); Gadi's Cell, Inc. d/b/a

Gadicell, Inc. and Gadicell; Gadis Inc.; Mobile Cellular, Inc.; and various John Does, Jane Does

and ABC Companies. Plaintiff alleges that defendants engaged in: (1) infringement of plaintiff's registered trademarks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I); (2) false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); and (3) unfair competition under New York State common law (Count III). Plaintiff's claims arise out of defendants' sale of counterfeit merchandise bearing trademarks that are unauthorized copies of plaintiff's trademarks.

On April 8, 2009, the Honorable Charles P. Sifton granted plaintiff's motion for partial summary judgment on Counts I and II, and on August 20, 2009, judgment was entered in plaintiff's favor. The case was transferred to me on December 1, 2009.

Presently before the court is plaintiff's motion (1) to set aside a conveyance of property by defendant Abeckaser pursuant to N.Y. Debt. & Cred. Law § 270, *et seq.*; and (2) for leave to add the transferee and current title holder of the property as a necessary party, *instanter*. For the reasons set forth below, plaintiff's motion to set aside the conveyance of property is denied with leave to seek relief after adding the transferee and current title holder of the Property as a necessary party, and plaintiff's motion for leave to add transferee and current title holder as a necessary party is granted.

BACKGROUND

Familiarity with the facts and procedural history of the case is presumed. For a more complete description of the underlying facts, *see Motorola, Inc. v. Abeckaser*, No. 07-CV-3963, 2009 WL 962809 (E.D.N.Y. Apr. 8, 2009). The following facts are drawn from the record of the case, including plaintiff's submission in connection with this motion. Defendants have not submitted papers in opposition to the present motion.

Plaintiff commenced the instant action on September 21, 2007, and immediately sought an *ex parte* temporary restraining order and preliminary injunction restraining defendants' assets. Declaration of Eddy Salcedo dated September 11, 2009 ("Salcedo Decl.") ¶ 4. By stipulation dated October 3, 2007, plaintiff withdrew its initial motion and defendants agreed to refrain from using the Motorola Trademarks in connection with any counterfeit merchandise. Defendants also agreed as follows:

> 4. During the pendency of this action, Defendant Abeckaser agrees not to sell, lease, transfer or otherwise dispose of or encumber his home, including the structure and land, known as and located at 1082 East 29th Street, Brooklyn, New York, without prior approval of the Court.
>
> 5. Defendants agree not to transfer or dispose of money, stocks or other assets outside of the regular course of business without prior approval of the Court, or to, in any way, secrete any money, stocks or other assets.

Salcedo Decl. ¶ 4 & Ex. B (copy of stipulation) at ¶¶ 4-5. Although the stipulation was filed on October 3, 2007 (*see* docket entry 5), neither I nor any other judge "so ordered" the stipulation.

In January of 2009, defendants were directed to report whether the title to the property located at 1082 East 29th Street, Brooklyn, New York, designated in paragraph four of the stipulation ("the Property"), remained in defendant Abeckaser's name, whether it remained free of lease, transfer or other encumbrance, and whether defendants had complied with paragraph five of the stipulation. Plaintiff's counsel reported that a search of the online database for the Office of the City Register of the New York City Department of Finance revealed that a deed had been issued for the property designated in paragraph four of the stipulation to an individual by the name of "Simon Stoklasa" in or about October 2008. Salcedo Decl. ¶ 5 & Ex.

3

C (copy of deed).[1]

In late January of 2009, Plaintiff moved for partial summary judgment on Counts I and II pursuant to Rule 56 of the Federal Rules of Civil Procedure, as well as for injunctive relief, damages, attorney's fees, and costs. Judge Sifton granted plaintiff's motion for partial summary judgment on April 8, 2009. *Motorola, Inc. v. Abeckaser*, No. 07-CV-3963 (CPS)(SMG), 2009 WL 962809 (E.D.N.Y. 2009).

On April 29, 2009, upon plaintiff's application, Judge Sifton issued an order directing defendants to show cause why an order should not be entered finding defendants in contempt of for violating the stipulation entered October 3, 2007 restraining defendants' assets. At oral argument on May 4, 2009, plaintiff argued that defendants should be held in civil contempt based upon their violation of the stipulation. Judge Sifton concluded on the record that because there was no evidence that the October 3, 2007 stipulation had ever been reduced to a court order, the remedy of civil contempt was unavailable to plaintiff with regard to violation of that stipulation.

On May 5, 2008, plaintiff moved by order to show cause for a temporary restraining order restricting the transfer of defendants' assets pending a hearing on their motion for a preliminary injunction. Judge Sifton granted the temporary restraining order that same day,

---

[1] Plaintiff's counsel also represented to the court that: (1) in response to plaintiff's counsel's questions, counsel for defendants had stated that they did not know what actions, if any, Abeckaser had taken with respect to the property; (2) David Chen, an Assistant District Attorney involved in a related criminal proceeding, had advised plaintiff's counsel that he understood that Mr. Abeckaser was going to permanently leave the country and transfer the ownership and operation of his businesses; (3) according to Mr. Chen, defendant Abeckaser's attorney in the criminal matter represented in court during the criminal proceedings that defendant Abeckaser did not have substantial assets; and (4) plaintiff's counsel was informed by a private detective firm that a 2003 black Mercedes owned by one of the corporate defendants was seen with a "for sale" sign in its window.

4

and issued an order directing defendants to show cause why a preliminary injunction should not be entered extending the temporary restraining order pending resolution of this matter.  On May 14, Judge Sifton granted a preliminary injunction restricting the transfer of defendants' assets. *Motorola, Inc. v. Abeckaser*, No. 07-CV-3963 (CPS)(SMG), 2009 WL 1362833 (E.D.N.Y. May 14, 2009).

On May 8, 2009, while the motion for a preliminary injunction was being briefed and before it had been granted, plaintiff commenced a separate action against both Abeckaser and Stoklasa in the Supreme Court of the State of New York, Kings County, captioned *Motorola, Inc., v. Gad Abeckaser, et al.*, Index No. 11276/09 ("the State Action") seeking judgment: (a) restraining Messrs. Abeckaser and Stoklasa from disposing of the Property; (b) setting aside the conveyance of the title to the Property from Abeckaser to Stoklasa; (c) appointing a receiver to take charge of the Property until such time as this Court determined the damages to be awarded to Motorola; and (d) awarding attorney's fees and costs.  Salcedo Decl. ¶ 8 & Ex. F (copy of Complaint in the State Action).  According to the plaintiff, Mr. Abeckaser has defaulted in the State Action, but Mr. Stoklasa has filed an Answer in that action contending that he was a *bona fide* buyer who purchased the Property for value.

Thereafter, on June 9, 2009, plaintiff moved in this court for damages, attorney's fees, costs, and entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure with respect to plaintiff's underlying trademark action.  The motion was referred to Chief Magistrate Judge Steven M. Gold by Order filed June 16, 2009.  On August 5, 2009, Magistrate Judge Gold rendered a report and recommendation disposing of this case.  On August 19, 2009, Judge Sifton adopted Magistrate Judge Gold's report and recommendation but modified the

award of attorneys' fees. *Motorola, Inc. v. Abeckaser*, No. 07-CV-3963 (CPS)(SMG), 2009 WL 2568526 (E.D.N.Y. Aug. 19, 2009). Judgment was entered in plaintiff's favor pursuant to Fed. R. Civ. Pro 54(b) on August 20, 2009, for $2,508,703.31, composed of $2,400,000.00 in statutory damages; $107,280.00 in attorneys fees; and $1,423.31 in costs.

Plaintiff filed the instant motion on September 14, 2009.

## DISCUSSION

A.   *Motion to Set Aside the Conveyance of Property*

Plaintiff seeks to set aside conveyance of the Property pursuant to New York Debtor & Creditor Law § 270, *et seq.*, alleging that: (1) the sale was made without adequate consideration and with the intent to defraud plaintiff, now a judgment creditor; and (2) the property was sold by defendant Abeckaser without court approval in violation of a stipulation previously entered into by the parties.

"Even assuming unencumbered title to property previously owned by a judgment debtor has passed to someone else, that transaction still may be unwound if the conveyance was fraudulent." *U.S. S.E.C. v. Universal Exp., Inc.*, No. 04 Civ. 2322(GEL), 2008 WL 1944803, at *5 (S.D.N.Y. Apr. 30, 2008). However, "a transfer motivated by actual fraudulent intent may not be voided if a transferee who paid fair consideration did not have actual or constructive knowledge of such intent." *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 639 (2d Cir. 1995) (citations omitted).

Plaintiff contends that the conveyance of the Property by defendant Abeckaser is

fraudulent under New York Debtor and Creditor Law ("DCL") §§ 273-a & 276.[2] Violation of DCL § 273-a or § 276 will satisfy a plaintiff's obligation to demonstrate that a transfer was fraudulent. *Ostashko v. Ostashko*, No. 00-CV-7162(ARR), 2002 WL 32068357, at *18 (E.D.N.Y. Dec. 12, 2002) *aff'd sub nom. Ostashko v. Zuritta-Teks, Ltd.*, 79 Fed. Appx. 492 (2d Cir. 2003) .

1. *DCL § 276*

DCL § 276 provides:

Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

Under DCL § 276, fraudulent intent may be inferred from evidence known as "badges of fraud," "i.e., circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent." *Sharp Int'l Corp. v. State St. Bank & Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005) (citations omitted). These "badges of fraud" include: "1) the lack or inadequacy of consideration; 2) the family, friendship or close associate relationship between the parties; 3) retention of possession, benefit or use of the property in question [by the debtor]; 4) the financial condition of the party sought to be charged both before and after the transaction in question; 5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial

---

[2] Plaintiff contends that violations of DCL §§ 273 and 275 are additional grounds for voiding the transfer, but does not address those provisions in its papers. DCL § 273 requires a showing that the transferor would be rendered insolvent by the transfer. DCL § 275 requires that the transferor was aware that he would incur debts beyond his ability to pay them as they mature. Plaintiff provides no evidence that Abeckaser was rendered insolvent by the transfer, or was aware he would incur debts he would be unable to satisfy. Accordingly, DCL §§ 273 and 275 are not addressed further here.

7

difficulties, or pendency or threat of suits by creditors; and 6) the general chronology of the events and transactions under inquiry." *U.S. v. Mazzeo*, 306 F. Supp. 2d 294, 312 (E.D.N.Y. 2004) (citing *Salmon v. Kaiser*, 722 F.2d 1574, 1582-83 (2d Cir. 1983)). *See also Adelphia Recovery Trust v. Bank of America*, 624 F. Supp. 2d 292, 335 (S.D.N.Y. 2009) (noting badges of fraud may also include: "[1] suspicious timing of the conveyance after the debt was incurred; [2] the use of fictitious parties; and [3] information that the transferor was insolvent as a result of the conveyance."

        I conclude based on the general chronology of the events and defendant's course of conduct that conveyance of the Property was fraudulent when made. It is undisputed that Abeckaser was a defendant in an action for money damages at the time of the conveyance, and that approximately one year prior to the conveyance, he entered into a stipulation expressly agreeing not to "sell, lease, transfer or otherwise dispose of" the Property without prior approval of the Court. Abeckaser conveyed the Property to Mr. Stoklasa in violation of that stipulation in October of 2008. His conduct strongly suggests that the property was sold in order to hinder the plaintiff's ability to execute a money judgment against him. While actual fraudulent intent "must be proven by clear and convincing evidence," Abeckaser has made no effort to rebut plaintiff's allegations of fraudulent intent. Moreover, given defendants' clear violation of a stipulation consented to by both parties, Abeckaser's repeated failure to respond in this action suggests an

attempt to evade the judicial process.³ Further, Abeckaser has defaulted in the related State Action.

Despite the foregoing, the transfer cannot be voided because plaintiff has not established that the transferee had actual knowledge of plaintiff's fraudulent intent. DCL § 278 provides that when a conveyance is fraudulent as to a creditor, the creditor may have the conveyance set aside "as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of purchase." Stoklasa has asserted in the State Action that he is a *bona fide* buyer for value who had no prior relationship with the defendant. Plaintiff has provided no evidence to rebut Mr. Stoklasa's assertions, or to otherwise support the inference that Mr. Stoklasa had knowledge of the fraud at the time of purchase.

2.  *DCL § 273-a*

DCL § 273-a provides:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

"To prevail on a § 273-a fraudulent conveyance claim, a plaintiff must establish three elements: (1) the conveyance was made without fair consideration; (2) at the time of transfer, the transferor was a defendant in an action for money damages or a judgment in such action had been docketed against him; and (3) a final judgment has been rendered against the

---

³ Abeckaser has not submitted an opposition to this motion or to plaintiff's prior motions for a temporary restraining order and preliminary injunction limiting transfers of property or assets by him. With the exception of a letter filed in May of 2009 to adjourn the oral argument on plaintiff's motion to hold him in civil contempt, Abeckaser has not filed any papers in this matter in nearly nine months.

9

transferor that remains unsatisfied." *Neshewat v. Salem*, 365 F. Supp. 2d 508, 518-19 (S.D.N.Y. 2005) (citing *Sklaroff v. Rosenberg*, 125 F. Supp. 2d 67, 73 (S.D.N.Y. 2000)). Plaintiff's claims under § 273-a fail because plaintiff has not established the first prong: that fair consideration was lacking for the sale of the Property.

Plaintiff alleges that Abeckaser sold the Property to Stoklasa for $10 in October 2008. A deed, dated October 7, 2008, transferring title from Abeckaser to Stoklasa was recorded with the City Register on October 27, 2008, City Register File No. 200800419547. *See* Salcedo Decl. ¶ 5 & Ex. C (copy of Deed). The deed states that the Property was transferred "in consideration of ten dollars and other valuable consideration," *id.*, but a Real Property Transfer Report filed with the New York State Board of Real Property Services states that the sale price was $400,000, *id.* Ex. C, and the Automated City Register Information System ("ACRIS")[4] recorded the property as having been sold for $400,000.

Stoklasa's Answer in the State Action[5] asserts that he (1) purchased the property for $400,000, which was in the range of average list-prices for similar houses; (2) the Property was offered openly and publicly for a period of more than a year and advertised in publications including The Jewish Press; (3) he did not have any preexisting relationship with Abeckaser. Stoklasa's Answer in the State Action is not verified and does not attach any documentary evidence. However, as the party challenging the conveyance, it is plaintiff's burden to establish that adequate consideration was lacking. *Mills v. Everest Reinsurance Co.*, 623 F. Supp. 2d 447,

---

[4] ACRIS is accessible through the website of the New York City Department of Finance ("DOF"). According to the DOF, it is an "[a]ward-winning property document online search and registration application."

[5] As of the date of plaintiff's motion, Stoklasa had not filed an Answer to the Complaint in the State Action. However, by letter dated October 21, 2009, plaintiff informed the court that Stoklasa had filed an Answer in that action and enclosed a copy of that Answer.

453 (S.D.N.Y. 2009) (citing *Joslin v. Lopez*, 309 A.D.2d 837, 838, 765 N.Y.S.2d 895 (2d Dep't 2003)). Plaintiff's sole asserted basis for questioning that fair consideration was paid is: (1) the fact that the deed states that the Property was transferred "in consideration of ten dollars and other valuable consideration"; and (2) the conclusory assertions that "on information and belief, defendant Abeckaser and Simon Stoklasa are related," and "the Property was sold hastily and in secrecy, and whatever money was exchanged was done in cash." *See* Salcedo Decl. ¶ 7. Absent some further ground for doubting the veracity of the records indicating the property was sold for $400,000 and the statements in Stoklasa's Answer confirming the same, plaintiff has not met its burden of demonstrating that consideration was lacking.

    3.    *Violation of Stipulation*

Plaintiff contends that the fact that the transfer of title violated the express terms of the Stipulation is an independent basis to set aside the transfer.[6] On May 4, 2009, Judge Sifton concluded that because there was no evidence that the Stipulation had been reduced to a court order, the remedy of civil contempt was unavailable to plaintiff with regard to violations of that stipulation. That holding did not foreclose the possibility that plaintiff could seek a remedy other than civil contempt; even if not approved or "so ordered" by a judge, a stipulation "is an independent contract which is subject to the principles of contract interpretation," 105 N.Y. Jur. 2d Trial § 230 *Stipulation as Constituting Contract* (2009), and a party may seek those remedies available under contract law. However, because plaintiff hasn't alleged that Stoklasa was, or should have been, aware of the Stipulation, there is no basis for setting aside the transfer under the applicable contract law.

---

[6] Plaintiff does not cite any case law in the section of its brief pertaining to this argument.

In general, pursuant to Real Property Law § 266, a bona fide purchaser for value is protected in his or her title unless "he or she had previous notice of [an] alleged prior fraud by the immediate seller," *LaSalle Bank Nat. Ass'n v. Ally*, 39 A.D.3d 597, 599-600, 835 N.Y.S.2d 264 (App. Div. 2007), or he or she "knowingly interfered with a valid contract." *Royce v. Rymkevitch*, 29 A.D.2d 1029, 1030, 289 N.Y.S.2d 598 (App. Div. 1968). Even when a purchaser does not have actual knowledge, "where a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a bona fide purchaser." *Maiorano v. Garson*, 65 A.D.3d 1300, 1303, 886 N.Y.S.2d 190, 193 (App. Div. 2009) (citations omitted). Plaintiff has provided no evidence suggesting that Stoklasa was aware, or should have been aware, that the parties had filed a stipulation restricting conveyance of the Property. Accordingly, setting aside conveyance of the Property is not available as a remedy for Abeckaser's breach of the Stipulation.

B. *Motion to Add Current Title Holder as Necessary Party*

Plaintiff seeks leave to add Stoklasa as a necessary party.[7] "A transferee that retains title to or interest in the property conveyed is a necessary party to [a] fraudulent transfer action . . . because the transfer action will affect the transferee's title and interest." *In re Fabrikant & Sons, Inc.*, 394 B.R. 721, 744 (Bankr. S.D.N.Y. 2008) (citations omitted). *See also U.S. v. Mazzeo*, No. 98-CV-3060, 2001 WL 393671, at *5 (E.D.N.Y. Jan. 10, 2001) (the

---

[7] Plaintiff contends that Stoklasa is aware of plaintiff's intent to have the transfer of title set aside. However, Stoklasa has not been served in this action.

"necessary parties to a fraudulent conveyance action are the transferee and any other party who may claim an interest in the property conveyed.") (citing *United States v. Red Stripe, Inc.*, 792 F. Supp. 1338, 1344 (E.D.N.Y. 1992); Fed. R. Civ. P. 19(a)).[8] *See generally* W.J. Dunn, *Necessary Parties Defendant To Action To Set Aside Conveyance In Fraud Of Creditors*, 24 A.L.R.2d 395, 1952 WL 7788 (1952) ("The grantee of the debtor is generally held to be a necessary party defendant in an action to set aside a conveyance as fraudulent.").

Pursuant to Fed. R. Civ. Pro. 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." The rule is construed with the "standard of liberality" applicable to a motion to amend the pleadings. *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109, (S.D.N.Y. 1997) (*citing Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972). Because the liability of Stoklasa in the underlying suit is not at issue, Stoklasa will not be prejudiced by the fact that joinder will occur following entry of judgment. Further, the addition of Stoklasa as a party will permit plaintiff to contest the veracity of Mr. Stoklasa's claims that he (1) paid adequate consideration for the Property, and (2) was not aware of any fact that should have put him on inquiry notice that the sale of the Property was barred by a stipulation entered into by the parties. The addition of Stoklasa is therefore "necessary in order to afford complete relief" to plaintiff. *New York v. Gutierrez*, No. 08-CV-2503 (CPS)(RLM), 2008 WL 5000493 (E.D.N.Y. Nov. 20, 2008). Accordingly, plaintiff is granted leave to add the transferee and current title holder of the Property as a necessary party.

---

[8] Fed. R. Civ. P. 19(a) provides that "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if. . . (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may. . . impair or impede the person's ability to protect the[ir] interest."

## CONCLUSION

For the reasons set forth above, plaintiff's motion to set aside the conveyance of property is denied without prejudice to a renewed application after adding the transferee and current title holder of the Property as a necessary party. Plaintiff's motion for leave to add transferee and current title holder as a necessary party is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: January 29, 2010
Brooklyn, New York